DANIEL BACON *vs.* ALMOND WILLIAMS & another.

The assignee of an insolvent debtor may be admitted after the death of the debtor to prose-
cute an action brought by the debtor, and still pending in court; although he does not
move for leave to come in at the term next after his appointment or next after the debt-
or's death.

After the insolvency and death of the plaintiff in a civil action, and the admission of his
assignee in insolvency to prosecute it, the defendant is not a competent witness under *St.*
1857, *c.* 305, even to matters which have occurred since the death of the original plaintiff
and the appointment of the assignee, and to which the latter has already testified in his
own favor.

ACTION OF CONTRACT upon a promissory note. Answer,
payment. The action was entered and the answer filed at
March term 1857 of the court of common pleas. Afterwards,
before June term, the plaintiff went into insolvency and an
assignee was duly appointed. Before December term 1857 the
plaintiff died.

At March term 1858, *Morris*, J., against the defendants' ob-
jection, allowed the assignee, upon his motion, to come in and
prosecute the suit; and overruled a motion to dismiss the action
for want of any party to prosecute it; and at the trial permitted
him to testify to conversations and declarations of the defendants,
after the assignee's appointment and after the plaintiff's death,
tending to show that the note had not been paid in the plain-
tiff's lifetime. The defendants offered themselves as witnesses
to rebut the testimony of the assignee and others, but were not
allowed to testify. A verdict was taken for the plaintiff, and
the defendants alleged exceptions.

*W. A. Williams*, for the defendants. 1. The writ abated by the
plaintiff's death. Gould Pl. *c.* 5, § 90. 1 Chit. Pl. (6th Amer.
ed.) 482. Rev. Sts. *c.* 93, § 1. *Day* v. *Lamb*, 6 Gray, 523.

2. After the assignee had been admitted to prosecute the suit,
and had testified to matters which had occurred since the death
of the insolvent, the defendant ought to have been allowed
to testify upon the same matters. *Fischer* v. *Morse*, 9 Gray,
440.

*P. E. Aldrich*, for the assignee.

By THE COURT. 1. The right of action on this note passed by the assignment to the assignee in insolvency, and was not affected by the subsequent death of the debtor; and the assignee, upon motion made while the action was still pending in court, was rightly admitted to prosecute it for the benefit of the estate. *St.* 1838, *c.* 163, § 5.

2. The assignee was also a competent witness; but by the terms of the statute the defendants could not be witnesses. *St.* 1857, *c.* 305, § 1. *Howe* v. *Merrick, ante,* 129.

*Exceptions overruled.*

The defendants also moved for a new trial, upon the ground of a discovery of a receipt since the verdict, and, although the plaintiff objected that the evidence was merely cumulative, a new trial was granted, upon which the plaintiff obtained a verdict and judgment. 13 Gray, 525.